UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JARELL D. VAUGHN,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>EVANS, SABBEE, CRITTEN, and KENNEDY,<br><br>　　　　Defendants. | Cause No. 3:23-CV-855-PPS-APR |

**OPINION AND ORDER**

Jarell D. Vaughn, a prisoner without a lawyer, filed a complaint about an alleged use of excessive force that occurred in the Restrictive Housing Unit at Westville Correctional Facility. [DE 1-3.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Vaughn alleges that Officer Evans threatened him on August 17, 2023, for an undisclosed reason and warned him that the next time she worked, she was "going to show [him] who runs shit around here." [DE 1-3 at 3.] A few days later, on August 21, he says she began harassing him, first, by denying him recreation and a shower, then by

denying him lunch and then dinner. At this point, Vaughn says he asked to see an officer in charge.

Sergeant Sabbee and Officer Kennedy arrived at Vaughn's cell, telling him that Lieutenant Critten wanted a word with him. He was cuffed up and shackled before being escorted to the lieutenant's office. On the way, Vaughn alleges that Officer Evans joined them and grabbed his arm to make him walk faster. He fell, and she dragged him a short distance. Vaughn suspected they were going to beat him.

When they arrived at the lieutenant's office, Lieutenant Critten stated that it seemed like Vaughn had pissed off Officer Evans, and because she is pissed off, he is pissed off because she is his daughter. Vaughn reports that the lieutenant said he would kill Vaughn over his daughter. Vaughn denied doing anything to Officer Evans, claiming that she just didn't like him. He explained that she had denied him recreation, a shower, lunch, and dinner that day for no reason.

Vaughn alleges that Officer Evans then started to harass him and call him hurtful names. She pulled up his profile on Facebook and said that she had family in his area that could harm him. He responded that he was not worried about anyone in the room because he feared no man but Allah. Then, he replied that he was pretty sure she wasn't that hard to find either.

At that point, Sergeant Sabbee interrupted and asked whether that was a threat. He allegedly got in Vaughn's face with his hands balled in fists. Lieutenant Critton reportedly gave the order to start punching him. Vaughn alleges Sergeant Sabbee threw the first punch, then Officer Evans began punching him in his face, head, and ribs.

2

Either Officer Kennedy or Sergeant Sabbee started choking him, while Officer Evans continued punching him and kneeing him in his head and back.

Vaughn alleges he was then picked up off his feet and thrown in a chair. Lieutenant Critten said to him, "Now welcome to WCU 'WestVegas.'" [DE 1-3 at 6.] Vaughn called him dirty for beating him while cuffed and shackled, causing Lieutenant Critten to approach and spit on him. Officer Evans laughed and reshackled his ankles so tightly it was hard to move.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Additionally, state actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000).

Giving Vaughn the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim. He claims that Officer Evans, Sergeant Sabbee, Lieutenant Critten, and Officer Kennedy beat him in Lieutenant Critten's office while he was handcuffed and shackled. Even if one of them did not physically participate, none

3

intervened to stop the others from beating Vaughn. He has alleged enough to proceed against these defendants under the Eighth Amendment.

However, he may not proceed against Warden John Galipo. He does not mention the warden in the body of the complaint, and so there is no basis to infer that the warden was involved in the events here. The warden cannot be held liable under 42 U.S.C. § 1983 based solely on the actions of the people he supervises. *See Burks v. Raemisch*, 555 F.3d 592, 594-596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

For these reasons, the Court:

(1) **DENIES** as moot the duplicate in forma pauperis motion [DE 6];

(2) **GRANTS** Jarell D. Vaughn leave to proceed against Officer Evans, Sergeant Sabbee, Lieutenant Critten, and Officer Kennedy in their individual capacities for compensatory and punitive damages for the use of excessive force on August 21, 2023, in violation of the Eighth Amendment;

(3) **GRANTS** Jarell D. Vaughn leave to proceed against Officer Evans, Sergeant Sabbee, Lieutenant Critten, and Officer Kennedy in their individual capacities for compensatory and punitive damages for failing to intervene to stop the use of excessive force on August 21, 2023, in violation of the Eighth Amendment;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** John Galipo;

(6) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Officer Evans, Sergeant Sabbee, Lieutenant Critten, and Officer Kennedy at the Indiana Department of Correction, with a copy of this order and the complaint [DE 1-3];

(7) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Officer Evans, Sergeant Sabbee, Lieutenant Critten, and Officer Kennedy to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

ENTERED: January 29, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT