UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JARELL D. VAUGHN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-855-PPS-APR |
| EVANS, SABBEE, CRITTEN, and KENNEDY, | |
| Defendants. | |

## OPINION AND ORDER

Jarell D. Vaughn, a prisoner without a lawyer, is proceeding in this case against Officer Evans, Sergeant Sabbee, Lieutenant Critten, and Officer Kennedy on two claims: (1) "for the use of excessive force on August 21, 2023, in violation of the Eighth Amendment;" and (2) "for failing to intervene to stop the use of excessive force on August 21, 2023, in violation of the Eighth Amendment[.]" [DE 15 at 4]. The defendants seek summary judgment on the limited basis that Vaughn did not exhaust his administrative remedies before filing this lawsuit. [DE 27]. Because I see it the other way, defendants' motion will be DENIED.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before

judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In other words, prison officials can't play games with the process by taking "unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir.2002)).

The defendants argue Vaughn didn't exhaust his administrative remedies before filing this lawsuit because he submitted relevant grievances but didn't appeal the response to those grievances. [DE 28]. Specifically, the defendants provide evidence showing the following facts: On August 28, 2023, Vaughn submitted Grievance 23-157820, complaining the defendants used excessive force against him on August 21,

2

2023. [DE 27-1 at 26-27]. On August 31, 2023, the grievance office issued a response to this grievance stating "This matter has been reviewed. Due to the nature of your grievance this is being sent to facility staff for further review. Grievance Undetermined." [*Id.* at 25]. On September 5, 2023, Vaughn checked that he agreed with this grievance response. [*Id.* at 24]. On September 20, 2023, Vaughn submitted Grievance 23-160888, complaining the August 21 incident was being "forgot about." [*Id.* at 31]. On October 12, 2023, the grievance office again issued a response stating Grievance 23-160888 would be sent to facility staff for further review and was currently "Undetermined." [*Id.* at 30]. Vaughn again checked that he agreed with this grievance response. [*Id.* at 29]. The Grievance Specialist attests that, because Vaughn checked that he "agreed" with the grievance office's responses to his grievances, he never progressed past the first step of the Offender Grievance Process and did not fully exhaust either grievance. [*Id.* at 6-7].

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present

3

the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Here, it's clear from the evidence that the grievance office made Vaughn's administrative remedies unavailable. Specifically, it's undisputed the grievance office responded to both of Vaughn's grievances by stating the grievance was "Undetermined" and would be sent to facility staff for further review. Vaughn understandably checked that he "agreed" with these responses, as the grievance office never gave him any substantive response to disagree with. And there's no evidence the grievance office ever followed up by rendering a final decision on either of Vaughn's grievances. The defendants argue Vaughn should have appealed the grievance office's responses to his grievances.

The defendants' argument is not sensible. Vaughn never received a substantive response to his grievance. What, then, would he be appealing? Defendants point to no provision in the Offender Grievance Process that provides additional steps for an offender to take if he *agrees* with the grievance office's response. *Cf.* [DE 27-1 at 19] ("The offender shall be permitted to appeal the response to the Warden/designee *if the offender disagrees* with the formal response at the institution level." (emphasis added)); [*id.*] ("*If the offender is dissatisfied* with the grievance response, they may appeal the response . . .." (emphasis added)); [*id.*] ("The offender must state *why the previous response was unacceptable*, thereby establishing a rationale for the appeal and the basis for a reinvestigation." (emphasis added)). It would have been silly for Vaughn to appeal a response that told him his grievances were being sent to facility staff for further review.

4

In sum, because the grievance office informed Vaughn his grievances would be sent to facility staff for further review but then left both grievances "Undetermined," they left him without any further available remedies to exhaust. Accordingly, the defendants have not met their burden to show Vaughn had available administrative remedies he didn't exhaust before filing this lawsuit. *See King*, 781 F.3d at 893.

For these reasons, the defendants' motion for summary judgment [DE 27] is **DENIED**.

**SO ORDERED**.

ENTERED: November 12, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT